*Decisions will be entered under Rule 50.*

Estate of Gertrude P. Barrett, Alroy S. Phillips, Executor, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 44830. Filed June 22, 1954.

*Owen T. Armstrong, Esq.*, for the petitioner.
*Marvin Hagen, Esq.*, for the respondent.

OPINION.

ARUNDELL, *Judge:* The question here is whether an amount paid to decedent's surviving husband pursuant to a settlement of his claims to a share of his wife's estate is deductible from her gross estate under the provisions of section 812 (e) [1] of the Internal Revenue Code—the so-called "marital deduction" provision.

Our findings show the background of the situation in which the executor of the estate made the disputed settlement and little further elaboration is necessary except perhaps to state the respective contentions of the parties.

The petitioner takes the position that the settlement was made in recognition of the surviving husband's valid claims to a share of the decedent's estate, under Missouri law. Therefore, it is urged, the payment in settlement of the claims is an interest in property passing to the surviving husband by inheritance, citing *Lyeth* v. *Hoey*, 305 U. S. 188, and meets the requirements of section 812 (e).

The respondent stands squarely on the contention that the surviving husband had no valid or enforceable claims against the decedent's estate under Missouri law. The respondent's regulations interpreting section 812 (e) recognize that a payment made to a surviving spouse as a result of a controversy involving a will is an interest passing to the surviving spouse which qualifies for deduction, but the payment must be in bona fide recognition of enforceable rights of the surviving spouse in the decedent's estate. The regulations presume that the rights of the surviving spouse are bona fide if they are so found by a local court and payment is directed pursuant to a decree in a genuine adversary proceeding. However, a settlement of claims made pursuant to a local court decree entered by consent is not accepted necessarily as a bona fide evaluation of the surviving spouse's rights (Regs. 105, sec. 81.47a (*g*).)

Presumably, if the payment had been made to the husband on the order of a Missouri court, after a fully litigated proceeding, the re-

---

[1] SEC. 812. NET ESTATE.

For the purpose of the tax the value of the net estate shall be determined, in the case of a citizen or resident of the United States by deducting from the value of the gross estate—

\* \* \* \* \* \* \*

(e) BEQUEST, ETC., TO SURVIVING SPOUSE.—

(1) ALLOWANCE OF MARITAL DEDUCTION.—

(A) In General.—An amount equal to the value of any interest in property which passes or has passed from the decedent to his surviving spouse, but only to the extent that such interest is included in determining the value of the gross estate.

\* \* \* \* \* \* \*

(3) DEFINITION.—For the purposes of this subsection an interest in property shall be considered as passing from the decedent to any person if and only if—

\* \* \* \* \* \* \*

(B) such interest is inherited by such person from the decedent;

spondent would have accepted the order as a determination that Barrett had valid and enforceable claims against his wife's estate, and the payment would have qualified as a marital deduction. However, because the settlement was made without formal adversary litigation, and decedent's will was probated without contest, the respondent has disallowed the deduction of the settlement from the gross estate. Thus, the respondent does not dispute the rationale of *Lyeth* v. *Hoey*, *supra*, but he claims it is not applicable here for the reason that there was no will contest.

In *Lyeth* v. *Hoey*, *supra*, an heir claimed that a will was invalid when it was offered for probate. Prior to trial on the issues, a settlement was reached between the heir and the distributees under the will. The settlement allowed the will to be probated as written, but distribution of the estate followed the plan of the settlement. The question was whether the amount received by the heir was exempt from income tax under section 22 (b) (3) of the Revenue Act of 1932 (now section 22 (b) (3) of the Internal Revenue Code) which excluded from gross income [2] the value of property acquired by inheritance. The Supreme Court said, in part:

> There is no question that petitioner obtained that portion, upon the value of which he is sought to be taxed, because of his standing as an heir and of his claim in that capacity. It does not seem to be questioned that if the contest had been fought to a finish and petitioner had succeeded, the property which he would have received would have been exempt under the federal act. Nor is it questioned that if in any appropriate proceeding, instituted by him as heir, he had recovered judgment for a part of the estate, that part would have been acquired by inheritance within the meaning of the act. We think that the distinction sought to be made between acquisition through such a judgment and acquisition by a compromise agreement in lieu of such a judgment is too formal to be sound, as it disregards the substance of the statutory exemption. It does so, because it disregards the heirship which underlay the compromise, the status which commanded that agreement and was recognized by it. While the will was admitted to probate, the decree also required the distribution of the estate in accordance with the compromise and, so far as the latter provided for distribution to the heirs, it overrode the will.

We think that the foregoing observations are pertinent here. It is obvious, as it was in the case of the heir in *Lyeth* v. *Hoey*, that the only reason that Barrett had any standing to claim a share of his wife's estate was his legal relationship to her. The merits of the claims could not be definitely determined until a final decision of a Missouri court passed on them, but such a determination was unnecessary in view of

[2] Although *Lyeth* v. *Hoey* involved a question of exemption from income tax, it is settled that the rationale applies to cases involving the estate tax. See *Estate of Mary Clare Milner*, 6 T. C. 874, 882, and cases there cited.

the settlement which we have found as a fact was made in good faith as a result of arm's-length bargaining. The merits of the heir's claims in *Lyeth* v. *Hoey* were never tested in actual litigation because the settlement made further contest unnecessary.

Respondent's attempt to distinguish *Lyeth* v. *Hoey* on the ground that the will here was probated without challenge we think is without merit. It is clear that there was no contest because the settlement intercepted a contest. The agreement recites that, as part consideration for the settlement, Barrett would permit the will to pass without challenge. The agreement was made at a time when Barrett still had 11 months, under Missouri law, to assert his claims formally and challenge the will. (Mo. Rev. Stat. 1949, sec. 469.120.) In *Lyeth* v. *Hoey*, the Supreme Court found too formal for substance the distinction between a payment made to an heir pursuant to judgment in a proceeding contesting a will and a payment made in compromise, in advance of trial, of the claims made in the proceeding. We think, similarly, that the distinction pressed by the respondent, on the·basis of his regulations, between a payment made pursuant to an order of a local court after a fully litigated proceeding and a payment made in settlement of claims that avoids a will contest is without merit. A will contest can exist without full blown legal proceedings and we have no doubt that the executor in this case recognized the threat made on his sister's will. If the proceeding had ever come to issue and trial, the executor may well have opposed Barrett's claim, though recognizing as a danger that there was a possibility that Barrett might succeed and be awarded a substantial sum of money. If Barrett had litigated his claim and been awarded a judgment, the amount received by him would qualify as a marital deduction as an interest passing by inheritance. We find nothing in the statute or in logic that would deny similar treatment to a settlement payment made in advance of the contest where there is sufficient basis for a reasonable belief that only such payment would avoid a serious and substantial threat to the testamentary plan provided by the decedent.

We do not think anything we have said or the conclusion we have arrived at is in any way inconsistent with respondent's Regulations 105, section 81.47. Our finding as a fact that Barrett's claim was a valid one made in good faith and settled as the result of arm's-length negotiations is enough to qualify it as a bona fide claim within the purview of the regulations.

*Decision will be entered under Rule 50.*