ESTATE OF RALPH SLOCUM DAVENPORT, DECEASED, UNITED STATES TRUST COMPANY OF NEW YORK, EXECUTOR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 84608. Filed August 20, 1962.

*Hyman L. Battle, Jr., Esq.,* and *Charles B. Markham, Esq.,* for the petitioner.

*Dean P. Kimball, Esq.,* for the respondent.

671

OPINION.

Murdock, *Judge:* The contention of the Commissioner is that:

Where the widow released the testamentary power of appointment ·of the trust under the American Will in settlement of a controversy involving a bequest under the French Will, the interest so released did not pass to her from the decedent within the purview of the Internal Revenue Code and the Regulations thereunder so as to qualify the bequest in trust for the marital deduction.

Section 2056 (a) of the Internal Revenue Code of 1954 is as follows:

SEC. 2056. BEQUESTS, ETC., TO SURVIVING SPOUSE.

(a) ALLOWANCE OF MARITAL DEDUCTION.—For purposes of the tax imposed by section 2001, the value of the taxable estate shall, except as limited by subsections (b), (c), and (d), be determined by deducting from the value of the gross estate an amount equal to the value of any interest in property which

passes or has passed from the decedent to his surviving spouse, but only to the extent that such interest is included in determining the value of the gross estate.

The parties agree that the life estate with power of appointment in Yvonne would qualify for the marital deduction if she had not released that power. See sec. 2056(b)(5). They also agree that regulations sec. 20.2056(e)-2(d)(1), I.R.C. 1954, must be considered. That provision is as follows:

(d) *Will Contests.* (1) If as a result of a controversy involving the decedent's will, or involving any bequest or devise thereunder, his surviving spouse assigns or surrenders a property interest in settlement of the controversy, the interest so assigned or surrendered is not considered as having "passed from the decedent to his surviving spouse."

The petitioner argues, "The plain meaning of these Regulations is that the 'will controversy' must be over the interests bequeathed to the wife for which a marital deduction is taken." It insists that the power "passed" to Yvonne under the uncontested American will and what she did with it thereafter does not eliminate the trust value from the marital deduction.

The decedent chose to write two wills to dispose of his total estate. Although the American will was not contested, there was a real controversy in regard to his attempted disposition by will of his real estate in France. The parties agree that the real estate in France was not a part of the decedent's gross estate for United States estate tax purposes and it did not play any part in the computation of the marital deduction. However, the widow relinquished her power of appointment given her by the American will in order to settle the controversy over the French will, to permit that will to be probated and in that way to receive complete title to the real estate in France. Thus, when the estate of the decedent was finally settled, the widow had no power of appointment over the trust corpus here involved. The question is whether the value of that corpus is a part of the marital deduction under such circumstances.

The answer is not too obvious. The words of the Code provisions are not particularly helpful and the quoted regulation is relied upon by both parties. No case in point appears. A decedent should not be able to change the marital deduction by using more than one will (cf. *Estate of Leo J. Dutcher*, 34 T.C. 918 (1960)), even where some of his property is not includible in his gross estate for Federal estate tax purposes because it has a tax situs in a foreign country. The fact that the use of two wills may be permissible is not determinative here where the question is the meaning of Federal estate tax provisions.

It is the best judgment of this Court that the quoted regulation refers to any controversy, with relation to the decedent's disposition of his entire estate, settled by the widow giving up some part of the estate subject to United States estate tax which, but for the contro-

versy, she would have been entitled to retain, and as thus interpreted the regulation is reasonable and carries out the intent of the law. The widow and the three daughters in effect substituted distributions of property different from that stated in the wills and the substitution relating to the trust estate does not qualify for the marital deduction. Cf. *Estate of Thomas W. Tebb*, 27 T.C. 671, 682, *et seq.* (1957). The Commissioner did not err in disallowing the portion of the marital deduction here in controversy.

*Decision will be entered under Rule 50.*