**UNITED STATES TRUST COMPANY OF NEW YORK, Executor, Estate of Ralph Slocum Davenport, deceased, Petitioner-Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

No. 320, Docket 28041.

United States Court of Appeals Second Circuit.

Argued June 5, 1963.

Decided Sept. 3, 1963.

Hyman L. Battle, Jr., New York City (Charles B. Markham and Battle, Fowler, Stokes & Kheel, New York City, on the brief), for petitioner-appellant.

Robert A. Bernstein, Atty., Dept. of Justice, Washington, D. C. (Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson and I. Henry Kutz, Attys., Dept. of Justice, Washington, D. C., on the brief), for respondent-appellee.

Before LUMBARD, Chief Judge, CLARK, Circuit Judge, and ZAVATT, District Judge.

LUMBARD, Chief Judge.

The sole question in this case is whether certain property left to a surviving spouse, which was relinquished by her in return for an agreement by the decedent's daughters to allow the probate of another will devising French realty to her, qualifies for the marital deduction. We affirm the determination of the Tax Court, 38 T.C. 670 (1962), disallowing said deduction.

The decedent, Dr. Ralph S. Davenport, a United States citizen, died in Paris, France, on July 18, 1955, possessed of

property which included real estate situated in France. He sought to dispose of his assets by two testamentary instruments. Under one will executed in May 1949, which was admitted to probate in New York on September 23, 1955, he undertook to pass all his property but the French realty. By this instrument he devised and bequeathed his residuary estate valued at $768,630.01 to his wife, Yvonne, whom he married in 1940, and to his three daughters by a former marriage, Mrs. Myrian Williford, Mme. Solange du Mortier, and Miss Gisele Davenport, now Mrs. Donald Payne. Each of his daughters and his wife were given ⅙ of the residuary outright. The remaining ⅓ of the residue was placed in trust for the benefit of his wife for life and she was given a general testamentary power of appointment over the corpus.

Dr. Davenport, by a holographic document dated June 28, 1955, sought to devise to his wife his villa, "La Falaise," in Sanary-sur-Mer (Var), France. This will also disposed of other property in France. Under French law, however, Mrs. Davenport's interest was limited to ¼ of the property unless the daughters executed and filed certain documents with the appropriate French official.

Following arm's-length negotiations between Mrs. Davenport and her stepdaughters, an agreement was reached whereby Mrs. Davenport relinquished her power of appointment over the property left her in trust in return for the stepdaughters' executing and filing the appropriate documents regarding the French realty. Mrs. Davenport and her stepdaughters executed an agreement to this effect on November 8, 1956 and the French will was probated in April 1957.

The executor, the United States Trust Company, petitioner-appellant, filed the Federal Estate Tax return claiming the maximum marital deduction, $374,329.-40.[1] As foreign real estate was not then

[1]. The value of the property left Mrs. Davenport by the New York will, viz., ⅙ of the residue outright and ⅓ of the residue in trust for life with a general testamentary power of appointment, which would ordinarily qualify for the marital deduction exceeded the maximum marital deduction.

includible in the gross estate, Internal Revenue Code of 1954, § 2033,[2] it could neither be claimed as a marital deduction nor could it bear upon the computation of the maximum marital deduction, Internal Revenue Code of 1954, § 2056.

The Commissioner disallowed the value of the property placed in trust, $242,704.52, as a marital deduction on the ground that under Treas.Reg. § 20.2056 (e)–2(d) (1)[3] it did not pass from the decedent to the surviving spouse in that the general power of appointment, which qualified the trust property for the marital deduction, Internal Revenue Code of 1954, § 2056(b) (5), was surrendered by Mrs. Davenport in settlement of a controversy involving her late husband's will. This resulted in the assessment of a deficiency in the amount of $87,823.69. The Tax Court upheld the Commissioner and the executor appeals.

The appellant contends that the trust property "passed" to the surviving spouse upon probate of the New York will and that there was no "will controversy." The theory underlying this argument is that where a decedent elects to dispose of his estate by more than one testamentary instrument Treas.Reg. § 20.2056(e)–2(d) (1) is inapplicable to property to which the surviving spouse becomes entitled by virtue of the probate of one such document, notwithstanding the fact that this property was subsequently surrendered or assigned by her in settlement of a controversy involving another testamentary document.

While it is true that the regulation in question speaks of "will" in the singular, it is inconceivable that such a narrow construction as urged by appellant was intended. Whether these two testamentary instruments are two "wills" or are a will and a codicil it is clear that they constituted one testamentary plan.

Crucial in qualifying property for a marital deduction is the question of whether it passes from the decedent to one surviving spouse. The medium by which the property passes, whether it be by intestacy, one or more testamentary documents or even by a partial intestacy, is immaterial. The estate is entitled to a marital deduction up to one-half of the adjusted gross estate on property includible in the gross estate and meeting the other statutory requisites which passes from the decedent to the surviving spouse.

When the resolution of a controversy between the beneficiaries regarding the decedent's property culminates in an agreement by which the surviving spouse relinquishes property which qualifies for the marital deduction in return for property which does not so qualify, Treas.Reg. § 20.2056(e)–2(d) (1) is applicable. When Mrs. Davenport surrendered her power of appointment over the trust property, it no longer qualified for the marital deduction. The testamentary instrument whereby Dr. Davenport sought to leave "La Falaise" to his wife is a part of his will; that it is embodied in a separate document does not make it any the less so even though by statute foreign realty was then excluded in computing the federal estate tax.

We find no merit to the appellant's theory that, because under New York law Mrs. Davenport acquired vested rights in the trust property, this property passed to her from the decedent and her subsequent relinquishment of her power of appointment did not affect marital deduction. For federal tax purposes, the federal regulations govern, Lyeth v. Hoey, 305 U.S. 188, 59 S.Ct. 155, 83 L. Ed. 119, (1938). The regulation is clear; it provides that where an agreement re-

---

2. Amended by P.L. 87–834 § 18(a) (2) (A), 76 Stat. 1052 (1962) to include foreign real estate in the gross estate.

3. Treas.Reg. § 20.2056(e)–2(d) (1): "Will contest. If as a result of a controversy involving the decedent's will, or

involving any bequest or devise thereunder, his surviving spouse assigns or surrenders a property interest in settlement of the controversy, the interest so assigned or surrendered is not considered as having 'passed from the decedent to his surviving spouse'."

solving a controversy over the decedent's property entails the assignment or surrender of property by the surviving spouse, said property "is not *considered* as having 'passed from the decedent to his surviving spouse.'" Treas.Reg. § 20.2056(e)–2(d) (1). [Emphasis supplied.] No matter how or at what time Mrs. Davenport became entitled to the residue, she did choose to surrender a right to some of decedent's property because she wanted "La Falaise," which was also a part of decedent's estate.

The decision of the Tax Court is affirmed.