ESTATE OF LORRAINE A. McGAULEY, DECEASED, FREDERICK F. McGAULEY, TEMPORARY EXECUTOR, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 5705–71. Filed December 12, 1973.

---

*Michael J. Kenny,* for the petitioner.
*Harold B. Kushner* and *Ronald A. Wagenheim,* for the respondent.

OPINION

SIMPSON, *Judge:* The respondent determined a deficiency of $26,-668.04 in the petitioner's estate tax. Due to concessions, the only issue remaining for decision is whether certain property was transferred to the decedent for purposes of the estate tax credit under section 2013, Internal Revenue Code of 1954,[1] relating to prior transfers of property.

All of the facts have been stipulated, and those facts are so found.

The petitioner is the Estate of Lorraine A. McGauley, who died on September 18, 1967. The temporary executor of the estate was Frederick F. McGauley, Jr., her son, who resided in Schenectady, N.Y., at the time the petition was filed in this case. The estate's Federal estate tax return was filed with the district director of internal revenue, Albany, N.Y.

Lorraine A. McGauley's husband, Frederick F. McGauley, died on April 22, 1965. His will provided that all his property should pass to Mrs. McGauley. The four daughters of Mr. McGauley filed objections to the probate of his will. Subsequently, they withdrew their opposition to probate after they and Mrs. McGauley entered into an agreement on June 29, 1966, whereby each daughter was to receive $27,500 and their lawyer $5,000 from Mr. McGauley's estate. The payments were stipulated to be in full settlement of their claims against the estate. Sometime after the agreement was made, Mr. McGauley's estate distributed the agreed amounts to the daughters and their lawyer.

On December 2, 1966, Mrs. McGauley gave $27,500 worth of securities to her son, Frederick F. McGauley, Jr. In 1965, Mrs. McGauley also made a gift to her son of securities valued at $10,404.93 in the estate tax return, and in 1967, she established a substantial trust with respect to which she retained the right to income for her life, her son was the trustee, and her son received the remainder interest. In the estate tax return, the trust assets were valued at $742,872.89. Gift tax returns were filed with respect to the gifts in 1965 and 1966. Frederick F. McGauley, Jr., was also the joint owner of the house which he and Mrs. McGauley occupied. Her savings accounts and checking account were held in both their names.

On the estate tax return, the estate claimed a credit under section 2013 based on the entire value of Mr. McGauley's estate. In his notice of deficiency, the respondent determined that the payments made to Mr. McGauley's children, including the $110,000 paid to the daughters, the $5,000 paid to their attorney, and the $27,500 paid to the son, were

---

[1] All statutory references are to the Internal Revenue Code of 1954.

not transferred to Mrs. McGauley by Mr. McGauley's estate and, accordingly, were not subject to the credit under section 2013.

We must decide whether the money Mr. McGauley's estate paid to his daughters and the securities Mrs. McGauley transferred to her son constituted property transferred by Mr. McGauley to Mrs. McGauley for purposes of section 2013.

Section 2013(a) provides, in part, that the estate tax imposed upon an estate "shall be credited with all or a part of the amount of the Federal estate tax paid with respect to the transfer of property * * * to the decedent by or from a person * * * who died within 10 years before * * * the decedent's death."

In *Lyeth* v. *Hoey*, 305 U.S. 188 (1938), an heir of the decedent received property from the executors of the decedent's estate in settlement of a will contest he had initiated. The Supreme Court held that since he was an heir and acquired the property by reason of his claim as an heir, the property was acquired by inheritance, and consequently, it was excludable from his gross income under a predecessor of section 102, which states, in part, that property received by inheritance shall not be included in gross income. The Court did not specifically state that the property had been received from the decedent; but its conclusion that the property was acquired by inheritance assumes that the property was transferred by the decedent.

Although *Lyeth* v. *Hoey* was concerned with the income tax, it has been held applicable to, and its rationale has been followed in, the estate tax area. In *Thompson's Estate* v. *Commissioner*, 123 F. 2d 816 (C.A. 2, 1941), affirming a Memorandum Opinion of this Court, the heirs of the decedent challenged a will providing that the residue of the estate should pass to charity. It was held that the amounts paid to the heirs in settlement of their claims were acquired from the decedent and reduced the amount passing to the charity. Similarly, in *Estate of Gertrude P. Barrett*, 22 T.C. 606 (1954), the husband of the decedent threatened to challenge the will, and it was held that the amount paid to him in settlement of his claim should be treated as passing to him from his deceased wife and that such amount qualified for the marital deduction under section 2056. See also *Estate of Leo J. Dutcher*, 34 T.C. 918 (1960). On the other hand, when a surviving spouse relinquished his claim to property he would otherwise have received from the decedent spouse, the property was not considered as having passed to him from the decedent for purposes of the marital deduction. *Estate of Ralph Slocum Davenport*, 38 T.C. 670 (1962), affirmed sub nom. *United States Trust Co. of New York* v. *Commissioner*, 321 F. 2d 908 (C.A. 2, 1963), certiorari denied 376 U.S. 937 (1964).

The principles of such cases are dispositive of the issues in the case before us. Under section 2013, the credit is only applicable "with

respect to the transfer of property * * * to the decedent." The daughters were heirs of Mr. McGauley who challenged his will, and the amounts paid to them were in satisfaction of their claims. Consequently, under the cases, such amounts were transferred to them by Mr. McGauley, and they never became a part of the property transferred to Mrs. McGauley. *Lyeth* v. *Hoey, supra; Thompson's Estate* v. *Commissioner, supra; Estate of Gertrude P. Barrett, supra.*

The petitioner argues that the cases relating to the marital deduction are not pertinent because that deduction is allowed with respect to property "which passes" from the decedent to the surviving spouse and because under section 2013, the credit is allowed "with respect to the transfer of property * * * to the decedent." However, the ultimate fact to be determined under both sections 2056 and 2013 is similar so that the cases relating to the marital deduction are equally applicable under section 2013. The petitioner also contends that section 2013 contains no express provisions for reduction of the property transferred by reason of payments in settlement of claims of heirs against the estate. This argument overlooks the fact that section 2013 only applies with respect to property transferred to the decedent, and thus, it is necessary to determine what property was so transferred in order to determine what credit is allowable under the section. We hold that the payments to the daughters and their attorney were not a part of the property transferred to Mrs. McGauley, and that the credit under section 2013 shall be computed without regard to such payments.

Our conclusion is different with respect to the transfer of securities worth $27,500 to the son, Frederick F. McGauley, Jr. Although he, too, was an heir of Mr. McGauley, he did not join in the action challenging the will, and there is no indication that he threatened to do so. On the contrary, the evidence reveals that he had no reason to join his sisters in challenging the will. He was a joint owner of a substantial portion of Mrs. McGauley's assets. Prior to the transfer to him in 1966, he received another gift from his mother of more than $10,000, and in 1967, she established a substantial trust from which he stood to derive much greater benefits than could have been secured by challenging the will. The evidence does not show that Mrs. McGauley made any gifts to the daughters comparable to what she gave her son. Moreover, Mrs. McGauley treated the outright transfers to her son as gifts and filed gift tax returns with respect to them. Under these circumstances, we find that the transfer to the son was a gift from his mother of property that she acquired from Mr. McGauley. Hence, such property is includable in the property transferred to her for purposes of the credit under section 2013.

*Decision will be entered under Rule 50.*