504 F.2d 1030
 In re ESTATE of Lorraine A. McGAULEY, Deceased.
Frederick F. McGAULEY, Temporary Executor, Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Appellee.*
No. 204, Docket 74-1810.
 United States Court of Appeals, Second Circuit.
 Argued Nov. 18, 1974.
Decided Dec. 13, 1974.
 
 Mark L. Heller, Albany, N.Y. (Nolan & Heller, P.C., Albany, N.Y., of counsel), for appellant.
 Robert G. Burt, Atty., Dept. of Justice, Washington, D.C. (Scott P. Crampton, Asst. Atty. Gen., Gilbert E. Andrews, Loring W. Post, Attys., Tax Div., Dept. of Justice, Washington, D.C., of counsel), for appellee.
 Before SMITH, HAYS and MANSFIELD, Circuit Judges.
 MANSFIELD, Circuit Judge:
 
 
 1
 Under 2013 of the Internal Revenue Code of 1954,[1] 26 U.S.C. 2013, a decedent's estate is entitled to a tax credit for the amount of federal estate tax paid with respect to property transferred to the decedent from a person who died within a specified number of years before or after the death of the decedent. The purpose of the law is to alleviate the oppressiveness of successive taxation of a family's property within a relatively short period of time. H.R.Rep.No.1337, 83d Cong., 2d Sess. 90 (1954); S.Rep.No.1622, 83d Cong., 2d Sess. 463 (1954), U.S.Code Cong. & Admin.News, p. 4025. Upon this appeal the issue is whether the Tax Court correctly held that amounts paid by a husband's estate to children in settlement of a will contest were never transferred to his wife, the sole beneficiary under his will, who later died, and that his wife's estate was therefore not entitled to a credit under 2013 for taxes paid by the husband's estate on the property transferred to the children. We agree with the Tax Court's analysis and accordingly affirm its decision.
 
 
 2
 The facts are simple and undisputed. In 1965 Frederick F. McGauley died, leaving his entire estate to his wife, Lorraine A. McGauley, who also qualified as Executrix of his estate. His four daughters by a prior marriage objected to the admission of his will to probate, which was sought in the County of Schenectady, New York. The will contest was settled by an agreement between Frederick's estate, signed by Lorraine as preliminary Executrix and by the four daughters. Pursuant to its terms his estate paid $27,500 to each of the four daughters, plus their attorney's legal fee of $5,000, or a total of $115,000. Lorraine, as Executrix, eventually paid the entire estate tax due on her husband's estate.
 
 
 3
 In 1967, approximately 29 months after her husband Frederick's death, Lorraine A. McGauley died. Her estate claimed a credit under 2013 for 80% Of the federal tax paid on Frederick's estate. The Commissioner disallowed any credit based upon the portion of Frederick's estate used to make the $115,000 payment to the four daughters and to their attorney on the ground that this property had never been 'transferred' to the decedent, Lorraine. Upon a petition by Lorraine's estate for a redetermination of the deficiency the Tax Court, in an opinion filed December 12, 1973, upheld the Commissioner's determination and the resulting assessment of a deficiency of $18,393.04 against her estate.[2] From this decision Lorraine's estate appeals.
 
 
 4
 In order to qualify for a 2013 tax credit with respect to the payments made by Frederick's estate to the four daughters and to their attorney, Lorraine's estate was required to show that this property had been 'transferred' to her. This her estate failed to do. The agreement in settlement of the will contest, to which Lorraine was a party in her capacity as preliminary Executrix of her husband's estate, expressly provided that the payments were to be made out of the assets of Frederick's estate, not by Lorraine individually or from some other source, and the payments were accordingly made from his estate. Furthermore, decisions adjudicating the issue under analogous circumstances have made it clear as a matter of substantive federal law that payments in settlement of a bona fide will contest represent transfers from the estate to the recipient rather than from the devisees or legatees. Lyeth v. Hoey, 305 U.S. 188, 59 S.Ct. 155, 83 L.Ed. 119 (1938) (property received by heir in settlement of will contest is taken by inheritance from decedent and not as taxable income); United States Trust Co. of New York v. Commissioner, 321 F.2d 908 (2d Cir. 1963), aff'g 38 T.C. 670 (1962), cert. denied sub nom. Estate of Davenport v. Commissioner, 376 U.S. 937, 84 S.Ct. 792, 11 L.Ed.2d 658 (1964) (property left by decedent's will to his widow and relinquished by her to settle dispute with daughters over probate of another will does not qualify for marital deduction for federal estate tax purposes).
 
 
 5
 Only the net amount of the husband's estate after payment of all claims against his estate (including the settlement paid to the children) was property 'transferred' to Lorraine McGauley. See Central Hanover Bank & Trust Co. v. Commissioner, 159 F.2d 167 (2d Cir. 1947); Bahr v. Commissioner, 119 F.2d 371 (5th Cir.), cert. denied, 314 U.S. 650, 62 S.Ct. 95, 86 L.Ed. 521 (1941). Our holding with respect to this issue is consistent with the purpose of 2013, which is to avoid appressive successive taxation of the same property. The property transferred from Frederick's estate to the children in settlement of the will contest has not been subjected to double taxation, since it never became part of Lorraine's estate.
 
 
 6
 Appellant contends that the payments to the children should be deemed to have been made by Lorraine rather than out of her husband's estate for the reason that under New York law her husband's estate vested in her immediately upon his death. See Matter of Cook, 187 N.Y. 253, 79 N.E. 991 (1907); N.Y. Estates, Powers and Trusts Law, McKinney's Consol.Laws, c. 17-b, 1-2.18. Matter of Cook is distinguishable from the present case for the reason that the settlement of the will contest in that case, which took the form of an assignment of a legatee's interest to the contestant, did not change the will, whereas the contesting daughters here received payment directly from their father's estate despite his bequest of his entire estate to his wife. In addition to this significant difference in form we are here guided by the principle that the construction of a federal statute such as 2013 should be governed by federal law, which will apply uniformly throughout the land, rather than by local rules which may vary from state to state and present the risk of inequity and conflict having their roots solely in geographical vagaries. See Lyeth v. Hoey, supra, 305 U.S. at 193-194, 59 S.Ct. 155. This principle was recognized in United States Trust Company of New York v. Commissioner, supra, 321 F.2d at 910, where we stated:
 
 
 7
 'We find no merit to the appellant's theory that, because under New York law Mrs. Davenport acquired vested rights in the trust property, this property passed to her from the decedent and her subsequent relinquishment of her power of appointment did not affect (the) marital deduction. For federal tax purposes, the federal regulations govern, Lyeth v. Hoey, 305 U.S. 188, 59 S.Ct. 155, 83 L.Ed.2d 119 (1938).'
 
 
 8
 Since the $115,000 paid by Frederick's estate to the daughters and their attorney was not transferred to Lorraine, her estate is not entitled to a credit under 2013 for the estate tax paid by his estate upon this amount.
 
 
 9
 The decision of the Tax Court is affirmed.
 
 
 
 [1]
 Section 2013 provides in pertinent part as follows:
 '2013. Credit for tax on prior transfers.
 '(a) General rule.--The tax imposed by section 2001 shall be credited with all or a part of the amount of the Federal estate tax paid with respect to the transfer of property (including property passing as a result of the exercise or non-exercise of a power of appointment) to the decedent by or from a person (herein designated as a 'transferor') who died within 10 years before, or within 2 years after, the decedent's death.'
 
 
 [2]
 The Commissioner had also assessed a deficiency in the sum of $8,275.00 based upon transfers by Lorraine out of property received from her husband's estate to her son Frederick F. McGauley, Jr., who did not contest his father's will. The Tax Court, however, found that this property had been transferred from the husband's estate to his wife and then transferred by her as a gift to her son. Accordingly, it held that this property was properly included by her estate in the property which was entitled to inclusion for purposes of a credit under 2013