Vincent **PASTOR**, as Administrator of the Goods and Chattels that were of John Pastore, Deceased, Plaintiff,

v.

**UNITED STATES of America,**
**Defendant.**

No. 74 C 361.

United States District Court,
E. D. New York.

Dec. 23, 1974.

Gellman & Gellman, Corona, N.Y. for plaintiff.

David G. Trager, U. S. Atty., Eastern District of New York by Lloyd H. Baker, Asst. U. S. Atty., Vicki G. Cheikes, Tax Div., Dept. of Justice, for defendant.

BRUCHHAUSEN, Senior District Judge.

The plaintiff and the defendant move for partial summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure.

The facts are not in dispute. The decedent, John Pastore, married one Jennie Pastore on September 20, 1961. Prior thereto both the decedent and his surviving wife, Jennie Pastore, entered into an ante-nuptial agreement whereby each party waived all rights in the estate of the other. Thereafter, the decedent, John Pastore died intestate on April 12, 1967, leaving him surviving his widow, Jennie Pastore, and five children by a previous marriage. A bitter dispute then arose among the widow and the children of the decedent, respecting her right to a one-third intestate share, pursuant to New York Law. The widow claimed that the ante-nuptial agreement was void because when she executed it she could not read, write or understand the agreement she executed, and furthermore that she was not represented by counsel. Finally, the entire matter was settled among the parties wherein it was agreed that the widow assigned all of her intestate share in the estate excepting assets in the amount of $33,750.57. The widow's full intestate share was $137,732.77. The estate claims that the full marital deduction should have been allowed by the Internal Revenue Service. The defendant contends that the intestate share actually received qualifies for the marital deduction and secondly, that the estate overpaid the interest due on the tax deficiency, and, therefore, is entitled to a refund.

The law is clear that the estate is only entitled to the marital deduction, actually received in settlement of the controversy.

The plaintiff contends that the Treasury Regulation 20.2056(e)–2(d)(1) solely applies to a will contest and not to intestacy. This regulation reads as follows:

"(d) Will Contests. (1) If as a result of a controversy involving the decedent's will, or involving any bequest or devise thereunder, his surviving spouse assigns or surrenders a property interest in settlement of the controversy, the interest so assigned or surrendered is not considered as having 'passed from the decedent to his surviving spouse.' "

In United States Trust Company of New York v. Commissioner of Internal Revenue, 321 F.2d 908 (Cir. 2) the Court speaking of said regulation held in part at page 910:

> "Crucial in qualifying property for a marital deduction is the question of whether it passes from the decedent to one surviving spouse. The medium by which the property passes, whether it be by intestacy, one or more testamentary documents or even by a partial intestacy, is immaterial."

Further, the Court held in part at pages 910–911:

> "The regulation is clear; it provides that where an agreement resolving a controversy over the decedent's property entails the assignment or surrender of property by the surviving spouse, said property 'is not considered as having "passed from the decedent to his surviving spouse." '" Treas.Reg. § 20.2056(e)–2(d)(1).

In Citizens & Southern National Bank v. United States of America, 451 F.2d 221 (1971) (Cir. 5), the Court adopted the reasoning of the United States Trust Company of New York, supra, and quoted extensively therefrom.

In the Citizens & Southern National Bank case, supra, the Court held in part at page 227:

> "We agree with the court in United States Trust Co. that the medium by which the decedent's property passes, whether it be by intestacy or by means of a testamentary instrument, is immaterial. For purposes of the regulation, we are at a loss to discern why a settlement of a controversy involving an estate, a portion of which passes by intestate succession, should be treated any differently than a settlement concerning only property which has been disposed of by means of a testamentary document. We think that the Second Circuit's broad interpretation of the regulation is entirely proper and we conclude that because the settlement agreement in the instant case 'resolv[ed] a controversy

over the decedent's property,' the regulation requires that the property surrendered by the widow not be considered as having passed to her from the decedent."

These authorities make it clear that the widow is entitled to a marital deduction only as to the value of the property interest, received by the widow, and not to the value of the property she might have received had she not settled her dispute.

As to the second contention of the estate, concerning overpayment of interest on the deficiency, the defendant concedes the error, and that the estate is entitled to the refund. The amount of refund is to be agreed upon between the attorneys.

Settle order within sixty (60) days.

The trial of the issues alleged in the First Cause of Action is scheduled for March 5, 1975 at 10 A.M. in Part 3 of this Court.

Copies hereof are being forwarded to the attorneys for the parties.