241 So.2d 167 (1970)
In re ESTATE of Glen A. STROHM, Deceased.
No. 70-218.
District Court of Appeal of Florida, Fourth District.
November 20, 1970.
*168 Sylvan B. Burdick of Burdick & Silvian, West Palm Beach, for appellant Barbara Benjamin.
Harry A. Johnston, II, of Johnston, Lilienthal & Johnston, West Palm Beach, for appellees Winifred Clark Anthony and Girard Trust Co. of Philadelphia, Pa.
Gustave T. Broberg, Jr., of Coe, Broberg & Reid, Palm Beach, for appellee-Atlantic National Bank of West Palm Beach, as Executor of the Estate of Glen A. Strohm, deceased.
PER CURIAM.
Affirmed.
WALDEN and REED, JJ., concur.
McCAIN, J., dissents, with opinion.
McCAIN, Judge (dissenting):
I must respectfully dissent.
This is an interlocutory appeal by Barbara Benjamin, residuary beneficiary under the will of Glen A. Strohm, from an order of the county judge's court directing that federal estate taxes be paid out of her share of the decedent's assets.
The facts of the case are not in dispute and may be briefly stated as follows: The decedent set up a revocable inter vivos trust in 1932, with Winifred Clark Anthony as remainderman. The trust was amendable with the written consent of the trustee, and was in fact amended in 1947 with such written consent to read as follows:
"FIFTH: All estate and succession taxes and other taxes in the nature thereof that may become payable by reason of the grantor's death, with respect to the property passing under this deed shall be paid out of the principal of this trust; and no person having a beneficial or other interest in any such property shall at any time be required to bear any part of such taxes."
On March 23, 1967, decedent executed his last will and testament, which has been filed for probate below, leaving his residuary assets to appellant in the case sub judice. That will contains the following provision concerning payment of federal estate taxes:
"I direct that all estate, transfer, inheritance and similar taxes imposed by the United States of America or any state or subdivision thereof, upon or with respect to any property passing under this my Will; and also with respect to any property passing outside of my Will, which is required to be included in my taxable estate, be paid out of my residuary estate."
The assets of the inter vivos trust are included in the taxable estate of the decedent, although not in his probate estate. *169 Since the will provision purports to determine payment of taxes on the inter vivos trust as well as the assets includable under the will, that provision is brought into direct conflict with the 1947 amendment to the inter vivos trust. The question before this court, therefore, is whether we should regard the trust provision as having been superseded by the later will, thus placing the entire burden of estate taxes on the residuary beneficiary's share.
The county judge, acting on a petition by the executor under the will determined that "Section 734.041(1) (c), Florida Statutes, F.S.A., allows apportionment only if there is no provision made for the payment of taxes in the decedent's will. The Court finds no ambiguity under the second paragraph of Article II of decedent's Last Will and Testament." Therefore, he ordered that all estate taxes be paid out of the residuary estate.
I disagree. Where a trust provides for a specific method of alteration or amendment, "then the power must be exercised in strict conformity to its terms." Macfarlane v. First National Bank of Miami, Fla.App. 1967, 203 So.2d 57. In this case, written consent of the trustee was required to amend the trust, and was in fact obtained for the 1947 amendment. But no such written consent is necessary to draw up a will, and naturally none was obtained in this case. Therefore, I would find that the will provision, although it may have purported to amend the trust, was ineffective to do so, since it did not strictly comply with the amendment procedure provided for in the trust.
The trust and will provisions, then, are of equal validity and neither can be said to supersede the other. In view of this fact, the reasonable and equitable disposition of the case would seem to be apportionment of the taxes between the trust and the will. However, the county judge specifically held that "Section 734.041(1) (c), Florida Statutes, F.S.A., allows apportionment only if there is no provision made for the payment of taxes in the decedent's will." The salient portions of that provision read as follows:
"(1) Any estate, inheritance, or other death tax levied or assessed * * * with respect to any property required to be included in the gross estate of a decedent under the provisions of any such law, shall be apportioned in the following manner:
"* * * * * *
"(c) If any portion of the property with respect to which such tax is levied or assessed is held under the terms of any trust created inter vivos or is subject to such a power of appointment, the net amount of the tax attributable thereto shall, except as otherwise directed by the trust instrument with respect to the fund established thereby, or by the decedent's will, be charged to and paid from that portion of the corpus of the trust property or the property subject to such power of appointment included in the measure of such tax, as the case may be, and shall not be apportioned between temporary and remainder estates."
I do not agree that this statute precludes apportionment, simply because decedent's will contains a provision for payment of taxes. As I read subsection (c), directions in a trust instrument or in a will are to be accorded equal status. Therefore, to apply a direction contained in the trust would do violence to the intent of the statute. Moreover, the entire statutory scheme is intended to equitably distribute the tax burden between probate and nonprobate assets, unless the decedent otherwise provides. It is more consistent with this statutory scheme to permit apportionment where there are conflicting directions in the will and in the trust, than to throw the entire burden in either direction.
I would therefore reverse.