310 So.2d 386 (1975)
Patricia GUIDRY and Mellon Bank, N.A., (Formerly Mellon National Bank and Trust Co.), As Trustee of the Henrik and Emilie Ovesen Foundation, Appellants,
v.
PINELLAS CENTRAL BANK AND TRUST CO., As Trustee under Declaration of Trust with Henrik Ovesen, Dated May 4, 1972, et al., Appellees.
No. 74-796.
District Court of Appeal of Florida, Second District.
March 26, 1975.
Rehearing Denied April 22, 1975.
*387 James V. Lau, of Holland & Knight, Tampa, for appellants.
Dennis P. Thompson, of Richards, Nodine, Gilkey, Fite, Meyer & Thompson, Clearwater, for appellee Pinellas Central Bank and Trust Co.
John C. Locke, Clearwater, as administrator ad litem for the Estate of Henrik Ovesen, deceased, and James A. Baxter, of Macfarlane, Ferguson, Allison & Kelly, Clearwater, for appellee Emilie Erslev.
SCHEB, Judge.
This is an appeal from a summary judgment directing the appellee, as trustee of the Henrik Ovesen Trust, to pay over sums required for payment of estate taxes to the administrator ad litem of the estate of Henrik Ovesen, deceased.
Henrik Ovesen established a revocable inter vivos trust on May 4, 1972 with the appellee Pinellas Central Bank and Trust Co., as trustee. As settlor, Mr. Ovesen reserved the income for his life stipulating that upon his death his wife, Emilie Ovesen, would receive the trust income for her life. Upon the death of the last to survive of Mr. Ovesen and his wife, the trustee was directed to establish two separate trusts. Under one, the settlor's daughter, Emilie Erslev (appellee) was to receive income for her life with the remainder to be distributed to Mellon National Bank and Trust Co., as trustee (appellant) for a family foundation. Under the other, the settlor's granddaughter Patricia Guidry (appellant) was to receive income for life, with the trustee authorized to distribute income and principal for the educational needs, if any, of Patricia Guidry's children who may not have attained twenty-three years of age at the time of her death. Here also the remainder was to be distributed to the appellant, Mellon National Bank and Trust Co., as trustee for the family foundation.
The trust created by Mr. Ovesen provided in Paragraph I(C) thereof:
The Trustee shall pay to the Executor or Administrator of the Donor's estate from the principal of this trust such sums as the Executor or Administrator shall request in writing for the purpose of paying the expenses of the Donor's last illness, funeral expenses and expenses of administration of said estate, any other valid obligation of the Donor existing at Donor's decease, and all inheritance, legacy, succession or transfer taxes imposed by reason of the Donor's decease upon said estate or in respect to any interest therein or in respect to any property which shall not come into possession of said Executor or Administrator, to the end (without limiting the generality of the foregoing) that all devisees, legatees and beneficiaries under the Donor's Will or otherwise, and beneficiaries of insurance or other contracts with insurance companies may receive their respective interests without diminution by reason of any of said taxes, expenses of administration, debts or other obligations, except as the residue of this trust may be thereby reduced, and notwithstanding the fact that the Donor's estate may be sufficient to pay the foregoing. In the Trustee's discretion, it may pay directly any estate inheritance or other taxes levied as above, and any funeral expenses, debts or claims against the estate of the Donor. If the Trustee has not received a written request for funds to pay taxes, expenses or obligations within eight months of the date of the death of the Donor, the Trustee, shall not be required thereafter to hold any assets of this trust for the purpose of paying such sums.
*388 On May 31, 1973, Henrik Ovesen executed a simple will bequeating all this property to his wife, Emilie Ovesen and naming the appellee Pinellas Central Bank and Trust Co. as executor. There was no reference as to payment of estate taxes in the will.
Mr. Ovesen's wife died on August 25, 1973, bequeathing her substantial estate to Mr. Ovesen whose death followed on September 10, 1973. As a result of the sequence of deaths, Mr. Ovesen's testamentary bequests to Mrs. Ovesen lapsed causing his probate estate, augmented by the substantial estate he received from his wife, to pass to his heirs at law.
Appellants, Patricia Guidry and Mellon National Bank and Trust Co., as trustee, declined to grant the appellee, Pinellas Central Bank, as trustee, permission to pay over sums to the same bank, as executor of decedent's will, to enable it to pay the estate taxes for the decedent's estate. The amount requested would, if paid, have exhausted the assets of the trust. Thereupon the bank, as trustee, sought a declaratory judgment to authorize it to make payment of the sums requested to the administrator ad litem of the estate of the decedent Mr. Ovesen.
The trial court denied the motion of appellants (Patricia Guidry and Mellon National Bank, as trustee) for summary judgment and granted the motion for summary judgment filed by the appellee (John C. Locke) administrator ad litem of the estate of the decedent Mr. Ovesen. The trial court ruled that Paragraph I(C) of the trust of May 4, 1972 was controlling and required the trustee to pay over to the administrator ad litem such amounts as necessary for payment of the decedent's estate taxes.
In attempting to carry out the decedent's intentions as manifested in the trust by requiring the trustee to pay the decedent's estate taxes, the lower court failed to give effect to the plain meaning of the statutory law governing apportionment of estate taxes.
Florida Statute § 734.041 provides in part:
(1) Any estate, inheritance, or other death tax levied or assessed under the provisions of the tax laws of this or any other state or political subdivision thereof, or country or of any United States revenue act, with respect to any property required to be included in the gross estate of a decedent under the provisions of any such law, shall be apportioned in the following manner:
......
(c) If any portion of the property with respect to which such tax is levied or assessed is held under the terms of any trust created inter vivos or is subject to such a power of appointment, the net amount of the tax attributable thereto shall, except as otherwise directed by the trust instrument with respect to the fund established thereby, or by the decedent's will, be charged to and paid from that portion of the corpus of the trust property or the property subject to such power of appointment included in the measure of such tax, as the case may be, and shall not be apportioned between temporary and remainder estates. (Emphasis supplied)
......
(e) The balance of the net amount of the tax, including, but not limited to, any tax imposed with respect to gifts in contemplation of death, jointly held properties passing by survivorship, property passing by intestacy, or insurance, shall, except as otherwise directed by the decedent's will, be equitably apportioned among and charged to and paid by the recipients and beneficiaries of such properties or interests in the proportion that the value of the property or interest of each included in the measure of such tax bears to the total value of all such properties and interests included in the measure *389 of such tax; provided, that where any such property or interest is an interest in income or an estate for years or for life or other temporary interest, the amount so charged to such recipients or beneficiaries shall not be apportioned between temporary and remainder estates but shall be charged to and paid out of the corpus of such property or fund.
Fla. Stat. § 734.041 declares that the policy of the state is for death taxes to be apportioned equitably among the recipients and beneficiaries of a decedent's property. The statutory scheme, however, allows for certain exceptions. The exception relevant to this cause is found in subsection (c) and provides for payment of death taxes attributable to the trust from the corpus of the trust. Moreover, subsection (c) allows the settlor of the trust by appropriate direction in the trust agreement to vary the application of the statute. However, that the trust instrument can affect only those taxes which are the subject matter of subsection (c), is borne out by the language in subsection (c) "... the net amount of the tax attributable thereto ..." referring of course to the assets held in trust and is emphasized by the language "... with respect to the fund established thereby ..." again tying the reference to the assets under the particular trust. Beyond this (and other exceptions not applicable here) the statute requires that exceptions to the statutory policy be invoked by a will. While Mr. Ovesen's intent was sufficiently expressed to affect the assets under the trust he established, nevertheless he made no provision in his will that taxes assessed against his estate generally would not be apportioned in accordance with the statute. Therefore, since the language in § 734.041(1)(c) limits the effectiveness of his direction under the trust to the trust assets, the policy of the state as prescribed by F.S. § 734.041 controls as to the decedent's non-trust estate.
Although there is a dearth of decisional law in Florida on the question sub judice, In Re Estate of Strohm, Fla.App. 4th 1970, 241 So.2d 167, held that where conflicting directions for payment of estate taxes were given in a trust and a will that the direction given by the decedent's will prevailed in accordance with F.S. § 734.041.
Appellees apprehend potential problems in estate planning if the appellants' contentions are upheld, however, the Florida Bar Continuing Legal Education Manual entitled Florida Will Drafting and Estate Planning, Second Edition (1972) in Section 17.69 points out that "... a tax clause in a trust instrument directing against statutory apportionment of all death taxes would seem to be ineffective unless the testator's will also contains a similar direction." In fact as early as 1957 the bench and bar were alerted to this proposition.[1]
We therefore adopt the view that while the settlor of an inter vivos trust who desires the fund established by such trust to be excepted from the apportionment of estate taxes as required by F.S. § 734.041, may accomplish this by appropriate language within the trust indenture; that apportionment of estate taxes attributable to assets of the decedent's estate unless otherwise specifically excepted in § 734.041 must be accomplished as required by F.S. § 734.041(1)(e), unless the decedent's will directs otherwise.
The judgment of the trial court is reversed and this cause is remanded for further proceedings consistent with this opinion.
*390 HOBSON, J., concurs.
BOARDMAN, J., dissents with opinion.
BOARDMAN, Judge (dissenting).
The decedent created a revocable inter vivos trust, the pertinent paragraph of which is set out in the majority opinion. The settlor's intention is expressed therein in clear and unmistakable language  that the payment of the decedent's estate taxes due and owing the United States Government and the State of Florida would be paid out of the trust assets.
In light of the expressed intent of decedent, I do not believe it is necessary to consider Florida Statutes, Sections 734.041(1)(c) and 734.041(1)(c), apportionment of estate taxes, in order to determine decedent's intention as to the payment of estate taxes. He has, as stated above, clearly spelled it out in the trust instrument. I do, therefore, respectfully dissent.
NOTES
[1] "The equitable and statutory requirement that estate taxes must be apportioned is controlling even though the decedent has created an inter vivos trust providing for the payment of all estate taxes from such trust fund." Legal Questions Under Fla. Apportionment Statute, 31 Fla.Bar.J. 190 (1957). While F.S. § 734.041 has been amended since that passage was written, appellees have not demonstrated that the changes affect the result in the case sub judice.