448 So.2d 632 (1984)
David S. YOAKLEY, Appellant,
v.
David A. RAESE, et al., Appellees.
In re Trust Agreement of Jane Greer KELLY.
Nos. 81-1949, 82-1570 and 82-214.
District Court of Appeal of Florida, Fourth District.
April 25, 1984.
*633 Jane Kreusler-Walsh, Larry Klein and Easley, Massa & Willits, P.A., West Palm Beach, for appellant David S. Yoakley, trustee.
J. Michael Nifong and J. Donald Cairns of Squire, Sanders & Dempsey, Miami, for appellee Charles Fernsell.

UPON PETITION FOR REHEARING
WALDEN, Judge.
We grant the Petition for Rehearing filed by J. Michael Nifong. The initial opinion is withdrawn and the following substituted:

Case Nos. 81-1949 & 82-1570
This appeal involves the resolution of a conflict between the terms of a trust, a will and a statute, all with reference to the responsibility for the payment of certain of the decedent's obligations.
The settlor, testator and the decedent are the same person, Jane Greer Kelly Brown, who died in 1980.
The 1974 trust provided in essence that following the settlor's death the trustee would pay to the testator's personal representative from the trust principal such sums as might be needed to pay certain enumerated debts of the decedent such as taxes and expenses (the amounts and kinds of which are not in controversy), to the degree that the testator's residuary estate might be insufficient and thereby unable to pay same.[1]
The 1978 Will provided that the taxes such as here involved shall be paid out of the residuary estate without reimbursement or contribution from any person and that debts and administrative expenses be paid in the due course of the administration of the estate.[2]
*634 The statute, Section 733.805(1), Florida Statutes (1981),[3] provided that such expenses shall be paid out of the fund provided by the will (here the residuary estate) and if the fund so designated is insufficient, the estate property will be used to supply the insufficiency delineating an order of priority as concerns the source.[4]
In due course the personal representative certified to the trustee that the testator's residuary estate was insufficient to pay the testator's debts, expenses and income taxes in the sum of $278,987.25. Payment was requested per the terms of the trust. The trustee refused to pay. The trial court ordered the trustee to make the payment from the trust property. The trustee appeals. We reverse.
For clarity we digress to more specifically identify the parties. The trustee is David Yoakley, plaintiff in the trial court and appellant here. The first successor personal representative was Wilson Smith, defendant in the trial court and appellee here. A second successor personal representative as of July 16, 1982, is named Charles Fernsell and is now the appellee.
The basic question before us is whether the pertinent terms of the trust control so as to avoid the terms of the statute inasmuch as the will did not track or corroborate the terms of the trust but rather provided that such funds be paid out of the residuary estate without reimbursement or contribution, and that expenses and debts be paid in due course of the administration of the estate.
We hold that the terms of the trust do not control. The terms of the statute control. Thus the residuary estate is liable for the payment of the taxes in question and, if it is insufficient, then the shortage shall be provided and paid from the estate property in order outlined in the statute.[5]
The leading case on this question is Guidry v. Pinellas Central Bank and Trust Co., 310 So.2d 386 (Fla. 2d DCA 1975). In Guidry the issue before the Second District was whether a settlor's direction in a trust instrument for the payment of estate taxes was sufficient to avoid the application of the apportionment statute then in force, Section 734.041, Florida Statutes (1973), [Repealed, Ch. 74-106 § 3] which required that estate taxes be apportioned between probate and nonprobate assets unless the decedent's will provided otherwise. In that particular case the settlor's direction was not included in the will but was unequivocally expressed in the trust instrument. The Second District, in reversing the trial court's summary judgment based on the theory that the trust instrument was controlling, held that the statute controls unless the decedent specifically directs otherwise in the will.
The appellee attempts to distinguish Guidry from the case at bar by contending *635 that the will in the present case is more specific with respect to the question of taxes. However, a review of the will does not reveal that there is the specificity called for in Guidry.
This Court has held that where the provision of a trust and a will conflict, the will prevails. See In Re Estate of Strohm, 241 So.2d 167 (Fla. 4th DCA 1970). In the instant case the will unequivocally directs the personal representative to pay taxes from the residuary estate without contribution from any other source.
We feel that the trust instrument here is not sufficient to avoid or defeat the terms of the statute because the will failed to specifically designate the source for payment of the taxes in the event of an insufficiency in the residuary estate.
We would note that some payment of estate, inheritance or death taxes from the trust corpus may be necessitated if the residuary estate is depleted with taxes still owing, and if so, it is fully authorized under Section 733.817, read in conjunction with Section 733.805.
We reverse and remand Case Nos. 81-1949 and 82-1570 for further proceedings consistent herewith.

Case No. 82-214
Inasmuch as the appealed ruling here is consistent with our opinion above in Case Nos. 81-1949 and 82-1570, we affirm.
Case No. 82-214 is affirmed.
Petition for Rehearing is GRANTED.
BERANEK, J., concurs.
ANSTEAD, C.J., dissents with opinion.
ANSTEAD, Chief Judge, dissenting:
Jane Greer Kelly Brown died in 1980. Before she died she executed a will which provided:
I further direct that all estate, transfer, succession, inheritance, legacy and similar taxes, including any interest and penalties thereon, if any, with respect to any property that may be included in my gross estate under the provisions of any tax law, whether or not passing under this Will or any Codicil that I may hereafter execute, shall be paid out of my residuary estate without reimbursement or contribution from any person.
In addition to her will, the same Ms. Brown executed a trust agreement which provided:
Following the death of the Settlor [Ms. Brown] and upon written request of the Executor or Executors of the Settlor's estate (including any Trustee serving under this agreement also serving as an Executor thereof), the Trustee shall pay to such Executor or Executors from the principal of this trust such amount as shall be certified to be the amount by which the Settlor's residuary estate shall be insufficient for payment of (1) any estate, inheritance or other death tax assessed in the Settlor's estate; (2) the Settlor's debts; (3) the Settlor's funeral expenses; and (4) the expenses of administering the Settlor's estate. The Trustee shall be under no duty to determine the propriety of the payment of any sum or sums to the application thereof by such Executor or Executors, or to withhold any distribution in anticipation of any such request.
Under these provisions it would appear that Ms. Brown's intent was clear. She executed a will providing for the payment of certain taxes, etc., out of the residuary estate and executed a trust providing for the payment of those same taxes, etc., out of the trust in the event that the residuary estate proved insufficient. Why else would she specifically provide in the trust for the possibility that the residuary estate might be insufficient to cover the taxes, etc.?
I cannot agree that the provisions of a Florida Statute, specifically section 733.805, entitled "Order in which assets are appropriated," require us to ignore Ms. Brown's intent as expressed in her will and trust. Section 733.805, as the title suggests, provides a list of the testator's assets that are to be utilized for the payment of taxes, etc., in the event that the testator makes either no provision or inadequate provision for the payment of such taxes by his will or does *636 not otherwise designate the funds or property to be used to pay such taxes. Since Ms. Brown has, by her will and the trust provision set out above, adequately provided for the payment of such taxes, section 733.805 simply does not apply. Why invoke a statute that provides a priority list of assets to be used for the payment of certain obligations when the deceased herself has told us which assets she wants used to pay these obligations?
I fail to see any conflict between the provisions of the will and the trust mandating invocation of the rule that the will provisions, and, hence, the statutory provisions, control. In my view, section 733.805(1) merely creates a convenient device to substitute for a testator's intent as to how estate expenses should be paid when the testator himself has either failed to make any provision or his provisions have proven inadequate. Ms. Brown did make provision, and there is no claim that the provisions she made are inadequate. Furthermore, although I believe the dissent in Guidry v. Pinellas Central Bank and Trust Co., 310 So.2d 386 (Fla. 2d DCA 1975), is the better view, I also believe Guidry is clearly distinguishable from the case at hand. In Guidry the Second District felt compelled to follow the mandatory dictates of then section 734.041, because the statute expressly provided that taxes "shall, except as otherwise directed by the decedent's will, be equitably apportioned" according to the statutory scheme. Id. at 388. The statute applied in Guidry provided for only one exception to payment by the statutory scheme: except as otherwise directed by the decedent's will. Because no provision of any kind was made in the deceased's will for the payment of taxes, the Guidry court felt compelled to apply the statutory scheme. On the other hand, the present statute, unlike the Guidry statute, provides for apportionment only if the testator does not make adequate "provision by his will or designate the funds or property to be used, for the payment" of debts, etc. This language is even repeated in the statute: "If no provision is made or any fund designated, or if it is insufficient," etc. Clearly, the will and trust provisions made by Ms. Brown are of the type contemplated by the present statute as a provision made or fund designated. Therefore, unlike the Second District, we are under no statutory mandate to disregard the express intent of the testator.
The first and last rule of probate law is to discover and give effect to the intent of the testator. After examining the complimentary provisions Ms. Brown made in her will and trust for the payment of taxes, etc., can there really be a doubt as to her intent? Of course, she could have specifically provided in her will, as she did in her trust, that the trust would pay what the residuary estate could not, but was that really necessary? Could Ms. Brown, having specifically provided for the payment of these obligations to the extent that the residuary estate was short, have intended to void that specific provision by including the words "without reimbursement or contribution from any person" in the residuary clause? Was she including the trust as one of the "any persons" referred to here? I think not, on the basis of the plain meaning of the provisions themselves. Surely the "any person" referred to contemplated the persons named as beneficiaries in the will, the very persons who will now be forced to contribute to the payments by reason of the trust being relieved of that obligation despite Ms. Brown's express directions to the contrary. This turns Ms. Brown's plan completely upside down.
I conclude by noting my agreement with the views expressed by the Supreme Judicial Court of Massachusetts in reaching a different result than that of the majority herein, when confronted with a similar situation:
Although much can be said in favor of "clear" rules of law to guide estate planning decisions and the administration of estates, when a slip-up has obviously occurred in the estate planning process, evidence of the circumstances known to a testator-settlor may be particularly instructive in achieving the ultimate goal of recognizing and carrying out the testator-settlor's intention. Here, if the allegations of the Florida executor concerning the tax obligations of Peters' *637 estate are proved, the view espoused by the trustees would result in total failure of all testamentary gifts, including the gift of income to Peters' friend, who is not an income beneficiary of the trust. There may be no logic in a result which would fully achieve an expressed testamentary purpose of paying all taxes from the residue while in the process destroying the only gifts expressed in the will. Why would Peters' will implicitly preserve the trustees' obligation to pay debts and expenses of the estate, a relatively small item, and yet relieve the trustees entirely of their obligation to pay estate and inheritance taxes?
First National Bank of Mt. Dora v. Shawmut Bank of Boston, 378 Mass. 137, 389 N.E.2d 1002, 1006-07 (1979).
NOTES
[1] FOURTH: Following the death of the Settlor and upon written request of the Executor or Executors of the Settlor's estate (including any Trustee serving under this agreement also serving as an Executor thereof), the Trustee shall pay to such Executor or Executors from the principal of this trust such amount as shall be certified to be the amount by which the Settlor's residuary estate shall be insufficient for payment of (1) any estate, inheritance or other death tax assessed in the Settlor's estate; (2) the Settlor's debts; (3) the Settlor's funeral expenses; and (4) the expenses of administering the Settlor's estate. The Trustee shall be under no duty to determine the propriety of the payment of any sum or sums so certified to him, or to see to the application thereof by such Executor or Executors, or to withhold any distribution in anticipation of any such request. [Emphasis supplied.]
[2] MY VALID DEBTS AND ADMINISTRATION EXPENSES shall be paid by my personal representative in the due course of the administration of my estate (except such of my debts, if any, as may be secured by mortgage on real estate). The expenses of my last illness and funeral, the reasonable expenses incurred in administering my estate, including the expenses of ancillary proceedings that may be required in another state or country, the expenses of delivering any bequest or devise under my Will shall be considered administration expenses. I further direct that all estate, transfer, succession, inheritance, legacy and similar taxes, including any interest and penalties thereon, if any, with respect to any property that may be included in my gross estate under the provisions of any tax law, whether or not passing under this Will or any Codicil that I may hereafter execute, shall be paid out of my residuary estate without reimbursement or contribution from any person. [Emphasis supplied.]
[3] 733.805 Order in which assets are appropriated. 

(1) If a testator makes provision by his will or designates the funds or property to be used, for the payment of debts, estate and inheritance taxes, family allowance, exempt property, elective share charges, expenses of administration, and devises, they shall be paid out of the funds or from the property or proceeds as provided by the will so far as sufficient. If no provision is made or any fund designated, or if it is insufficient, the property of the estate shall be used for such purposes, except as otherwise provided in s. 733.817 with respect to estate, inheritance, and other death taxes, and to raise the shares of a pretermitted spouse and children, in the following order:
(a) Property not disposed of by the will.
(b) Property devised to the residuary devisee or devisees.
(c) Property not specifically or demonstratively devised.
(d) Property specifically or demonstratively devised.
[4] Id.
[5] Id.