PER CURIAM.
This is an appeal from an order granting a motion for judgment on the pleadings filed on behalf of SunTrust Bank, Miami, N.A. (“SunTrust”) and denying a motion for judgment on the pleadings and summary judgment filed on behalf of Rosalie Lewis as personal representative of the estate of Bertha Carlson, deceased. We affirm.
On December 10, 1986 and prior to her death, Bertha Carlson executed an inter vi-vos revocable trust which provided for the distribution of her assets upon her death. The trust named SunTrust as trustee. The trust also contained a provision which allowed Carlson to amend or revoke the trust in whole or in part by any written instrument delivered to the trustee.
Thereafter, Carlson amended the trust on four different occasions. The final amendment occurred on December 22, 1992 when Carlson restructured the trust’s bequests but kept SunTrust named as trustee. On that same date, Carlson also executed her last will and testament which was prepared and wit *1277 nessed by SunTrust’s attorneys. Significantly, in Article II of her will, Carlson devised her residence and homestead to her trustee and directed the trustee to sell the same after her death and divide the proceeds among her residuary beneficiaries.[1] This real property had not been specifically mentioned or identified in the inter vivos trust. Article V of the will granted Carlson’s personal representative and trustee, among other things, the unfettered discretion to “sell, exchange, assign, transfer and convey any security or property, real or personal, held in [her] Estate or Trust at public or private sale and upon such terms as she may determine.”[2] Finally, in Article VI of the will, Carlson designated appellant Rosalie M. Lewis as personal representative and trustee of her last will and testament and in the event that Lewis could not serve, Joseph D. Stasi was designated as the personal representative and trustee.[3] Carlson did not specifically make reference to her inter vivos trust by name in her will nor did she specify in the will that the will incorporated the inter vivos trust by reference.
Carlson died testate on July 27,1996. Rosalie Lewis filed a complaint for declaratory relief seeking to remove SunTrust as trustee of the inter vivos trust. Lewis claimed Article VI of decedent’s last will and testament modified the trust by nominating her as trustee.[4] SunTrust subsequently filed a motion for judgment on the pleadings claiming that it remained the trustee of the inter vivos trust. Lewis then moved for summary judgment or judgment on the pleadings. At a December 2, 1996 hearing, the lower court entered an order granting SunTrust’s motion for judgment on the pleadings and denying Lewis’ motions for judgment on the pleadings and motion for summary judgment.
On this appeal, Lewis argues that the decedent’s will naming her as trustee superseded and revoked the designation of terms of SunTrust as trustee in the inter vivos trust for the management of the decedent’s assets and affairs. We disagree.
SunTrust correctly asserts that the starting point for our analysis is a determination of whether the terms of the inter vivos trust were incorporated by reference into the decedent’s last will and testament. We do not believe that they were. Section 732.512(1), Florida Statutes (1995) of the probate code specifically outlines when a document in existence at the time a will is executed may be incorporated in the will by reference:
A writing in existence when a will is executed may be incorporated by reference if the language of the will manifests this intent and describes the writing sufficiently to permit identification.
*1278 Thus, the plain language of this statute mandates that the testator’s intention to incorporate an existing document into a will be clearly manifested in the will. See Flinn v. Van Devere, 502 So.2d 454, 455-56 (Fla. 3d DCA 1986), rev. denied, 511 So.2d 998 (Fla.1987). Consequently, courts have found that a mere passing reference to another document in a will, without more, to be insufficient to manifest an intent to have the document incorporated into the will by reference. See Flinn, 502 So.2d at 456 (mere reference in will or trust without manifestation of intention to incorporate insufficient); Martin v. Martin, 687 So.2d 903, 907 (Fla. 4th DCA 1997) (two references in will to testator’s inter vivos trust, one providing for estate’s residuary to pour over into trust and another providing for estate taxes to be paid from trust assets, were insufficient to incorporate trust into will by reference); see also In re Estate of Corbin, 645 So.2d 39, 41 (Fla. 1st DCA 1994) (finding general language insufficient to manifest requisite intent to revoke previously established Totten trusts), rev. denied, 659 So.2d 270 (Fla.1995); Serpa v. North Ridge Bank, 547 So.2d 199, 200 (Fla. 4th DCA 1989) (general reference in a will to “bank accounts”, without more, not a sufficient indication of the testator’s intent to revoke Totten trust).[5]
We conclude similarly in the instant case that the decedent’s mere appointment of Lewis as personal representative and trustee in her will, without more, was insufficient to manifest the decedent’s intent to substitute Lewis for SunTrust as the trustee for the management of her affairs. Having amended this trust for the fourth time on the same day that she executed her will, the decedent clearly was aware of the terms of the mter vivos trust. Nevertheless, the decedent made no explicit reference to the inter vivos trust in her will. We thus cannot find that it was the clear intent of the decedent that the inter vivos trust be incorporated by reference into the will or that the terms of the "will supersede the terms of the trust. Accordingly, we affirm the order under review.
Affirmed.

. Article II specifically provided:
The following-described property is my residence and homestead and I give and devise such property to my Trustee, to wit:
Lot 7 and the East 1/2 of Lot 8, in Block 1, FLOYD’S GROVES ESTATES, according to the Plat thereof, as recorded in Plat Book 47, at Page 40, of the Public Records of Dade County, Florida.
I direct that my Trustee shall sell the above-described property as soon as possible after my demise and divide the proceeds of sale among my residuary beneficiaries as directed in Article IV of this my Last Will and Testament.

. Article V provided:
I hereby grant unto my Personal Representative and Trustee the continuing, absolute discretionary power to deal with any property, real or personal, held in my Estate or Trust as freely as I might in the handling of my own affairs. Such powers may be exercised independently and without the prior or subsequent approval of any court or judicial authority and no person dealing with my Personal Representative and Trustee shall be required to inquire into the propriety of any of her actions. I specifically grant unto my Personal Representative and Trustee the power to sell, exchange, assign, transfer and convey any security or property, real or personal, held in my Estate or Trust at public or private sale and upon such terms as she may determine.

. Article VI reads:
I nominate, constitute and appoint ROSALIE M. LEWIS, Personal Representative and Trustee of this my Last Will and Testament to serve without bond. In the event that ROSALIE M. LEWIS is unable to serve as my Personal Representative or Trustee, I nominate, constitute and appoint, JOSEPH Di STASI, Personal Representative and Trustee of this my Last Will and Testament to serve without bond.

. The reason why this issue is being litigated is that the decedent's last will and testament guarantees that the trustee will be paid fees to manage the trust for the next 20 years.

. But compare Yoakley v. Raese, 448 So.2d 632, 635 (Fla. 4th DCA)(where statute mandates statutory order where no provision in will, trust instrument not sufficient to avoid or defeat terms of statute where will failed to specifically designate source for payment of taxes in the event of an insufficiency in residuary estate), review denied sub nom., Femsell v. Yoakley, 456 So.2d 1181 (Fla.1984); Guidry v. Pinellas Central Bank and Trust Co., 310 So.2d 386, 389 (Fla. 2d DCA 1975)(where decedent, although sufficiently expressing, in trust, desire that taxes be paid in manner other than provided for by statute, made no provision in will that taxes assessed against estate generally not be apportioned in accordance with statute, statutory scheme for apportionment of taxes among the various beneficiaries was controlling as to taxes on decedent’s nontrust estate); In re Estate of Strohm, 241 So.2d 167, 169 (Fla. 4th DCA 1970) (where will directed estate taxes be paid out of residuary estate, all federal estate taxes, including those imposed with respect to assets of inter vivos trust, would be payable out of residuary estate in accordance with statute, though trust, by amendment adopted prior to execution of will, provided that such taxes, imposed with respect to property passing under the trust deed, be paid out of the principal of trust).