756 So.2d 203 (2000)
NATIONSBANK, N.A., et al., Appellants,
v.
Steven BRENNER, et al., Appellees.
Nos. 3D99-980, 3D99-710.
District Court of Appeal of Florida, Third District.
April 19, 2000.
*204 English, McCaughan & O'Bryan and Gary L. Rudolf and Ann M. Burke, Fort Lauderdale, for appellants.
Wallace, Bauman, Legon, Fodiman & Shannon and Michael Shannon, Miami; Harold V. Hickey, Coral Gables, for appellees.
Before SCHWARTZ, C.J., and GREEN and FLETCHER, JJ.
SCHWARTZ, Chief Judge.
The trustees of an inter vivos trust established by Joseph Brenner, who is now deceased, seek review of orders which (a) required the trust to bear the entire burden of the estate taxes due upon Brenner's death and (b) provided that the trust pay the expenses of the guardianship established for Mr. Brenner when he became incompetent prior to his death. We agree with the appellants' position in each respect and reverse both rulings on the merits.[1]
1. The relevant provisions of Brenner's will, which control the issue,[2] see Guidry v. Pinellas Central Bank & Trust Co., 310 So.2d 386 (Fla. 2d DCA 1975); In re Estate of Strohm, 241 So.2d 167 (Fla. 4th DCA 1970), do not contain the "clear and unequivocal" direction against the apportionment of taxes between the estate and the trust which is required by section 733.817(2)(d), Florida Statutes (1997), to avoid the effect of the statutory rule that apportionment applies in the absence of such a direction. See Yoakley v. Raese, 448 So.2d 632 (Fla. 4th DCA 1984), pet. for review denied, 456 So.2d 1181 (Fla.1984); *205 Guidry, 310 So.2d at 386; Strohm, 241 So.2d at 167. After remand, therefore, the court will require apportionment of the estate tax burden in accordance with section 733.817.
Similarly, there is nothing in the statutory law or in the terms of the trust itself[3] which supports the conclusion that the trust rather than the estate must pay the expenses of the guardianship. See Johnson v. Guardianship of Singleton, 743 So.2d 1152 (Fla. 3d DCA 1999); Cohen v. Friedland, 450 So.2d 905 (Fla. 3d DCA 1984). See also Midland Nat'l Bank & Trust v. Comerica Trust Co., 616 So.2d 1081 (Fla. 4th DCA 1993). The orders below which so provide are therefore reversed outright.
Reversed.
NOTES
[1] While we also completely agree with the trust that it was deprived below of its due process right to be joined as a party and to be given fair notice of the entry of orders against it, our conclusion that both rulings were substantively wrong makes it unnecessary to base our reversal on these grounds.
[2] EIGHTH
Death Taxes
A. Except as otherwise specifically provided in this Will or in any Trust which I have established and which is in existence at my death, I direct that all estate, inheritance, legacy, succession and like taxes assessed or becoming due by reason of my death, on any property or interest in property which is includable in my estate for the purpose of computing such taxes, whether or not such property passes under this Will and whether such taxes are payable by my estate or by any recipient or beneficiary of any such property, shall be paid entirely out of that portion of the residue of my estate disposed of in Article Third of this Will; provided however, I authorize my personal representative to request payment of such taxes from the Trustees of the Trust referred to in Article Third of this Will to the extent that my residuary estate is insufficient to pay such taxes or if in the opinion of the personal representatives assets of my estate should not be sold in order to pay such taxes. Such payment from the residue of my estate disposed of in this Will shall be made without apportionment and with no rights of reimbursement from any recipient or beneficiary of any such property except as otherwise provided in this Will, the Trust referred to in Article Third of this Will, or in any other Trust established by me which is in existence at my death and the assets of which are includable in my estate for such tax purposes.
[3] ARTICLE VIPAYMENT OF DEBTS, TAXES AND COSTS OF ADMINISTRATION

After SETTLORS'S death, the TRUSTEE shall pay all or such portion of the following items as the Personal Representative of SETTLOR'S estate may from time to time request:
6.1 Debts which SETTLOR is legally obligated to pay at the time of SETTLOR'S death;
6.2 SETTLOR'S last illness and funeral expenses;
6.3 Miscellaneous taxes and costs of administration of SETTLOR'S estate; and
6.4 Any estate, inheritance, succession, and other death taxes of any nature, together with any interest and penalties thereof, which may be levied or assessed by reason of SETTLOR'S death by the laws of any State or of the United States with respect to property passing under SETTLOR'S Last Will and Testament, property held by the TRUSTEE under this Agreement, or any other property.
6.5 Said debts, expenses, costs and taxes may be paid out of either the principal or income of the Trust Estate.