In the Matter of the Estate of James Theodore KIRBY, Deceased.

**Raymond HARTMAN and James Drew, Co-Personal Representatives Appellants (Petitioners Below),**

v.

**Wasen Cleon KIRBY, Inez May Isaac Hamilton, Doris Jeane Kirby Hodges, Martha Kirby, Anna Rose Kirby Powell, Nancy Kirby, Arnella Kirby, Franklin Dale Kirby, Marcia Williams Decker, Dessie McKinney, Betty Kelly Vote, Merian Bowel Mickel, James Wallace Kirby, Zita May Kirby Shelton, Nellie Kirby Bruce, Jill Lynn Edwards, Jane Lynn Kirby, Jan Lynn Kirby, Jamie Wilkie, Mary Curry, Minnie Rice, Geraldine Rice, Scott Kirby and Warrick Hospital, Inc., Appellees (Respondents and/or interested parties below).**

No. 1–1285A329.

Court of Appeals of Indiana, First District.

Oct. 7, 1986.

Rehearing Denied Nov. 6, 1986.

Brian K. Carroll, Edwin W. Johnson, Johnson, Carroll & Griffith, Evansville, David K. Zengler, Boonville, for appellants.

Robert R. Aylsworth, S. Anthony Long, Phillips and Long, P.C., Boonville, for appellees.

ROBERTSON, Presiding Judge.

Raymond Hartman and James Drew, co-personal representatives of the estate of James Theodore Kirby (Kirby) appeal the judgment of the probate court which directs the representatives to pay all estate and inheritance taxes from the probate estate.

We affirm.

Kirby executed his last will and testament on August 3, 1983. The will disposed of two parcels of real estate known as the Hart Farm and the Bennett Farm, as well as other real and personal property. To Kirby's son, James Wallace Kirby, and his daughter, Zita May Kirby Shelton, Kirby bequeathed the Hart Farm. Another son, Wasen Cleon Kirby was to receive the Bennett Farm. The real property had been conveyed to the James Theodore Kirby Trust in October 1982. The terms of the Kirby Trust were nearly identical to those of the will, directing that upon Kirby's death, the trustees were to convey the Hart Farm to James Wallace and Zita May, and the Bennett Farm was to be conveyed to Wasen. A codicil executed on October 18, 1983, revoked the gift of the Bennett Farm to Wasen, but no instrument altered the terms of the Kirby Trust. Upon Kirby's death, the trustees of the Kirby Trust conveyed the Hart and Bennett Farms according to the terms of the trust. Those parcels were not inventoried as assets of Kirby's probate estate. The remainder of Kirby's will designated various relatives and friends as legatees of the residuary estate, which was to be divided into five equal parts. The only probate assets were those which passed to the residuary estate.

Drew and Hartman, as co-personal representatives of Kirby's estate, brought a petition to "Construe Will and For Directions in Administration," asking for directions relating to the estate's responsibility for payment of estate and inheritance taxes. After examining the will, the probate court directed the co-personal representatives to pay all taxes out of the probate estate of Kirby, without apportioning the federal estate tax among all the persons receiving property constituting the taxable estate.

The estate appeals, presenting a single issue: whether the testator Kirby provided in his will that federal estate and Indiana inheritance taxes be paid from the residue of Kirby's probate estate?

■ Federal estate tax is a debt of the estate. *Indiana Department of State Revenue v. Estate of Cohen* (1982) Ind. App., 436 N.E.2d 832. Indiana law provides for an equitable apportionment of federal estate tax imposed on a decedent's estate under the federal revenue code at IND.CODE 29–2–12–2 (1982):

Unless a decedent shall otherwise direct by will, the federal estate tax imposed upon decedent's estate, shall be apportioned among all of the persons, heirs and beneficiaries of decedent's estate who receive any property which is includable in the total gross estate of said decedent for the purpose of determining the amount of federal estate tax to be paid by said estate ...

■ Federal estate taxes due on Kirby's estate must be apportioned among his probate and non-probate assets unless by his will, he directed otherwise. *Pleska v. Zakutansky,* (1984) Ind.App., 459 N.E.2d 745. The core question presented by this appeal is whether Kirby's will directs that federal taxes be paid out of the residuary estate, thereby rendering I.C. 29–2–12–2 inapplicable.

■ In Kirby's will, Item V follows the specific bequests of the Hart and Bennett farms alluded to above, as well as the direction contained in Item IV that the remainder of real and personal property be reduced to cash. The first line of Item V reads:

After the payment of all expenses, taxes, fees, Court costs and bequests, as hereinabove set forth, I direct that the balance and residue of my estate be divided into five (5) equal parts.

The probate court found that the first line of Item V is "clear and unambiguous" and provides that the residuary legatees

receive their bequests subject to payment of all taxes, including federal estate taxes. We agree with the probate court that Item V is unambiguous, and that the federal estate taxes should not be apportioned.

The estate urges us to consider *Pleska v. Zakutansky, supra* controlling. In *Pleska*, the court of appeals found that the provision of Pleska's will directing that "all estate and inheritance taxes be paid out of the corpus of [the] estate" created an ambiguity which the court resolved by ascertaining the testator's intent as indicated by other provisions in the will. The court resolved the ambiguity in favor of apportionment. *Id.* at 749. The Kirby estate's argument that the clause in *Pleska* was a "more specific provision" than that in Item V is simply unavailing in the face of the unambiguous language contained in Item V of the Kirby will. We likewise see no ambiguity in the phrase "all ... taxes." Certainly Kirby's failure to enumerate the taxes does not render the clause ambiguous.

■ Similarly, we hold that Kirby's will sufficiently directs that Indiana inheritance tax be paid out of the residuary estate. Generally, the inheritance tax is levied on the distributee's share. *Indiana Department of State Revenue, supra.* It is generally not paid from the residue of the estate unless the will so directs. *Id.,* at 837. Consistent with our reasoning with respect to federal estate taxes, we hold that Item V of the Kirby will plainly directs that all taxes including Indiana inheritance tax, be paid before the residue is determined and divided.

Judgment affirmed.

NEAL, J., concurs.

RATLIFF, J., dissents with separate opinion.

RATLIFF, Judge, dissenting.

The question in this case is whether the language in Item V of the testator's will is sufficient to require payment of all estate and inheritance taxes assessed in this estate out of the residuary state, thus defeating the apportionment statute, Indiana Code section 29–2–12–2. In my view it is not and I respectfully dissent.

The statute clearly requires apportionment of federal estate taxes unless the will directs otherwise. Ind.Code § 29–2–12–2. The apportionment statute further provides it is not applicable "where the decedent has, by will, provided for the payment of federal estate tax either by the recipients or from a particular fund." Ind.Code § 29–2–12–7. Neither has happened here. In fact, the will contains no express direction concerning the payment of death taxes. Rather, Item V merely provides that "[a]fter the payment of all expenses, taxes, fees, court costs and bequests as hereinabove set out" the residue is to be divided into five equal parts. This hardly constitutes a clear and express requirement that the death taxes incurred as a result of the passing of all property, both included within and outside of the probate estate, be paid from the residue.

The intent of the apportionment statute is clear. Apportionment is required unless the will clearly and specifically directs otherwise. *Pleska v. Zakutansky* (1984), Ind. App., 459 N.E.2d 745, *trans. denied.* In *Pleska*, the will, in Item III, specifically directed "that all estate and inheritance taxes be paid out of the corpus of my estate by the executor ..." This court held "the provision in [the will] regarding the payment of taxes does not clearly provide that the apportionment statutes do not apply." *Pleska* at 749. If the language in *Pleska* did not clearly so provide, the mere reference to taxes in Item V of the will here not containing any language directing payment of such taxes cannot suffice to defeat the apportionment statute.

In this case, 78% of the decedent's assets were transferred outside the probate estate. Burdening the remaining 22% with payment of all the taxes should not be

sanctioned absent clear and precise testamentary language so requiring. Indeed, such is one of the clear purposes of the apportionment statute. As this court pointed out in *Pleska*, the phrase "all taxes" has been construed as including taxes assessed against both the probate and nonprobate property, or, as including only taxes assessed against property passing under the will. *Pleska* at 748.

> "Thus, it has been declared that a provision in a will that all taxes be paid out of the residuary or general estate applies only to property passing under the will unless it specifically refers to other property, and that it has no effect on inter vivos dispositions which for one reason or another are drawn into the gross estate for tax purposes."

*Pleska* at 748, quoting from 69 A.L.R.3d 271.

Recognizing that other cases have held the phrase "all taxes" to be all encompassing, I believe the view expressed in the language found at 69 A.L.R.3d 271 is the better position and is more consistent with the purposes of the apportionment statute. See generally 69 A.L.R.3d 272–280 for cases illustrative of both positions. Thus, if the residuary probate estate is to be burdened with the payment of all estate and inheritance taxes, I would require specific and precise language demanding such a result. Otherwise, I would hold that a direction on a will to pay "all taxes" or "all estate and inheritance taxes" included only those assessed on property passing under the will. The language here does not do so. In fact, the words in Item V, relied on by the trial court, do not specifically direct payment of the taxes by the estate. Under the holding in *Pleska* such words are insufficient to defeat the apportionment statute as to federal estate taxes.

For the same reasons, the language in Item V is insufficient to overcome the general rule that Indiana inheritance taxes are levied on the share of the distributee.

I would reverse.