ESTATE OF Edwin M. RANSBURG, Deceased, Lenna Ransburg, Executrix, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. IP 88–1440.

United States District Court, S.D. Indiana, Indianapolis Division.

July 15, 1991.

Theodore J. Esping, Baker and Daniels, Indianapolis, Ind., for Ransburg, Edwin Estate.

Deborah J. Daniels, U.S. Atty., Indianapolis, Ind., Peter Sklarew, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for U.S.

DILLIN, District Judge.

This matter comes before the Court on the motion of the defendant for clarification and reconsideration of a prior ruling, and on the plaintiff's motion for reconsideration of the same ruling.

### Background

This case involves the manner of computation of the net taxable estate used in determining federal estate tax. The plaintiff brought this suit against the United States (the Government) seeking a refund of federal estate taxes.

Edwin M. Ransburg died testate on May 20, 1984. His will included among the residuary beneficiaries his wife (Lenna Ransburg), a charitable organization (the Men-

ninger Foundation), and two children by a prior marriage (the Ransburg Children). The will directed the Executrix to pay all of his debts, funeral expenses, and expenses of administering the estate. The will also directed the Executrix to "pay all estate, inheritance and succession or other taxes, whether state or federal, which may be assessed as a result of my death and without regard to whether such taxes be payable by my estate or by any beneficiary or beneficiaries under this Will." The first issue concerned whether, under the terms of the will and in light of applicable Indiana law, the federal estate taxes and state inheritance, succession, legacy, or estate taxes (collectively referred to as "death taxes") would be taken "off the top," that is, before the formulation of the residue. The Court decided in favor of the defendant that the taxes must be taken off the top. Thus, the residuary beneficiaries must share ratably the federal estate tax burden, and the marital and charitable bequests and deductions are correspondingly reduced. The Court decided that the will, when read as a whole, indicated the testator's intent that death taxes would be subtracted out before the formulation of the residuary estate.

The second issue concerned whether a settlement agreement reached between Lenna Ransburg and the Ransburg Children had the effect, pursuant to Treasury Regulations (26 C.F.R.) §§ 20.2056(e)–2(d) and 20.2055–2(d), of reducing the marital and charitable deductions to a point where the plaintiff had actually underpaid the federal estate tax on the decedent's estate.

### The Settlement Issue

The defendant seeks clarification and reconsideration of the Court's ruling on the Settlement Issue. The Court ruled that the settlement between Lenna Ransburg and the Ransburg Children was not an agreement "in settlement of a will contest or controversy" within the meaning of Treasury Regulation (26 C.F.R.) Section 20.-2056(e)–2(d)(1).[1]

---

**1.** Section 20.2056(e)–2(d)(1), which applies to marital deductions, provides the following:

*Will Contests.* (1) If as a result of a controversy involving the decedent's will, or involving

The Court, accepting the reasoning advanced by the plaintiffs, distinguished cases cited by the Government as involving questions about the spouse or charity's right to the bequest or devise, from this case, wherein the parties have never questioned the testator's division in the residuary clause of one-half to the widow and one-sixth to each of the children. Under the Government's argument, the Settlement Agreement would constitute a "will controversy," and thus the property transferred from Lenna to the Ransburg Children would not qualify for the marital deduction.

The Government now seeks clarification of certain bases for the Court's rejection of the Government's argument regarding the "will controversy" regulation. Since filing its original motion for clarification and possible reconsideration, the Government has broadened its request for reconsideration by discussing two recent cases dealing with the marital deduction provided at 26 U.S.C. § 2056(a).

■ First, the Government wants to know whether the Court meant that a dispute over what a will directs to be subtracted out before the formulation of the residuary estate simply does not constitute a will controversy under 26 C.F.R. § 20.2056(e)–2(d)(1). The Government was perplexed by a perceived ambiguity in the Court's holding regarding the amount of money the Ransburg Children received. The plaintiff had argued that the distributions to the children did not represent a concession on the Apportionment Issue, but were made in order to give the Ransburg Children what the plaintiff believed they were entitled to under their father's will and also to put an end to the ongoing and acrimonious disputes. The Court observed that "the plaintiff argues persuasively that the distributions represented her view of what the children should receive under the Will" and that the plaintiff had steadfastly maintained her view as to the apportionment.

To clarify: we recognize that the Ransburg Children received more than what the will provided under the plaintiff's interpretation of the will (and we are not ruling that the $1 million each is what the Children were entitled to under that interpretation). There may be some dispute as to what exactly Lenna Ransburg and the Ransburg Children thought were the motivations for entering into the Settlement Agreement. However, these issues would be immaterial under our holding that the dispute was not a "will controversy" regardless of whether the dispute was responsible for providing the children with larger distributions than they would have received under the plaintiff's position on apportionment. This is because the dispute did not involve a question of whether Lenna Ransburg had a right to the share under the will, nor did the dispute result in her giving up her share.

■ Denial of summary judgment to the Government under our analysis of the Treasury Regulation, and without further consideration of the statutory construction argument, would result in a ruling of law precluding further argument on the issue. However, we believe that the Government's discussion of two recent cases makes reconsideration of that result appropriate.

The Government's briefing on the motion for summary judgment focused on the applicability of the Treasury Regulation. It raised the statutory construction argument only cursorily since the Government, as it says, "felt the regulation presented an easier path to a ruling in the Government's favor."

In its motion for clarification the Government observed that the Court's ruling on the Settlement Issue appears to completely preclude the Government from prevailing at trial, assuming "that the Court also implicitly rejected [the Government's] contention that, regardless of the regulations' scope, the *statute* itself precludes allowing a deduction for property which in fact has

---

any bequest or devise thereunder, his surviving spouse assigns or surrenders a property interest in settlement of the controversy, the interest so

assigned or surrendered is not considered as having "passed from the decedent to his surviving spouse."

passed, as a result of the decedent's death, to persons other than the surviving spouse or charity." We agree that such a rejection was implicit in this Court's holding that the Government's arguments on the Settlement Issue were "unavailing." However, in light of the Government's broadened (and supplemental) motions for reconsideration it is that "implicit" aspect of our ruling which we now reconsider.

In its supplemental motions to reconsider, the Government urges the Court to rule that the property distributed to the Ransburg Children did not "pass" to the widow within the meaning of the marital deduction statute. It argues it is entitled to total summary judgment because the amount of estate taxes by which the plaintiff has allegedly underpaid exceeds any of the remaining amounts which she may be claiming as a refund.

The marital deduction on federal estate taxes provides:

Allowance of marital deduction.—For purposes of the tax imposed by section 2001, the value of the taxable estate shall ... be determined by deducting from the value of the gross estate an amount equal to the value of any interest in property *which passes or has passed from the decedent to his surviving spouse,* but only to the extent that such interest is included in determining the value of the gross estate.

26 U.S.C. § 2056(a) (emphasis added).

The Government argues that recent cases in the Seventh and Tenth Circuits support its interpretation of the requirement that property pass to the spouse. First, in *Martin v. U.S.,* 923 F.2d 504 (7th Cir.1991), the Seventh Circuit in dicta made two comments regarding the requirement. It noted that "[u]nder 26 U.S.C. § 2056(b)(4) the estate may deduct only the net amounts the spouse actually receives," *id.* at 505 (citations omitted), and later in the opinion that "§ 2056(b)(4) allows the deduction only for the amount the spouse actually receives." *Id.* at 506. As the plaintiff observes, these comments are dicta. Moreover, the facts of *Martin* are quite different from the facts in the pres-

ent case. Thus, we think that these comments do little to support the Government's position.

More applicable to the present issue is the case of *Schroeder v. U.S.,* 924 F.2d 1547 (10th Cir.1991). In *Schroeder,* the Tenth Circuit Court of Appeals considered whether property surrendered in settlement of a dispute "passed" to the spouse within the meaning of 26 U.S.C. § 2056(a). The court found that the will contest regulation did not apply to the case. Nonetheless, it found that under the *statute,* the property could not be said to have passed to the spouse. We believe that the situation in *Schroeder* is largely analogous to this one, and are persuaded by the *Schroeder* court's reasoning.

The relevant facts are as follows. Shortly before his death, the decedent, Thomas J. Woodmansee, transferred to himself and his wife a joint stock account with right of survivorship in the spouse. He also signed a will directing that his property be placed in a testamentary trust providing income to his surviving spouse for life and the remainder to his daughters of a prior marriage, Martha Schroeder and Lou Ann Waters. After Woodmansee died, the daughters learned of the joint stock account and argued that the widow had a "moral duty" to leave the principal of the stock account to them and their children. After negotiations, the widow put the stock account into a trust account giving her one-quarter of the income for life. The remaining three-quarters of the income and the principal was to be distributed to the daughters (or their issue). The widow then elected to take her statutory share against the will. She later transferred that share to the trust account containing the stock account under the same conditions for distribution.

The estate claimed a marital deduction pursuant to 26 U.S.C. § 2056(a) including the joint stock account and the spousal election share. The IRS disallowed the deduction as to both and issued a notice of deficiency. The estate paid the deficiency and after the IRS denied its claim for a refund, brought an action in the U.S. District Court.

The district court granted summary judgment for the IRS, agreeing with the IRS that both the joint stock account and the spousal election were properly excluded from the marital deduction due to the will contest regulation. The Court of Appeals disagreed that the will contest regulation applied, but affirmed the grant of summary judgment, holding that the phrase, "property which passes or has passed from the decedent to his surviving spouse" in § 2056(a) means "property to which the surviving spouse retains her rights after resolution of all disputes concerning the decedent's property." *Id.* at 1553–54. The court agreed with the "essence" of this definition of passing as adopted in *United States Trust Co. v. Commissioner*, 321 F.2d 908, 910 (2d Cir.1963).[2]

The *Schroeder* court first noted that although state law governs the devolution of property on death, "federal law controls whether property 'passes' from the estate of a deceased individual for the purposes of the federal estate tax." 924 F.2d at 1552.

Second, the Court defined the "issue" in the case as "whether the *rationale* for the Secretary's regulatory gloss on the passing requirement in the context of a will contest mandates a similar result based on an analysis of the term "passes" in the marital deduction statute." *Id.* at 1553 (emphasis in original).

Third, the court ruled that it was immaterial whether the widow's right to the stock account had "vested" prior to the settlement. *Id.* at 1554. In a substantial footnote, the court rejected the reasoning of *First National Bank v. United States*, 233 F.Supp. 19 (D.Kan.1964), a case relied on by the estate in *Schroeder* and by the present plaintiff as well. The court in *First National* held that under the statutory passing requirement "qualification for the marital deduction must be determined as of the time of death and not as of a later date established by some subsequent development." *Id.* at 26. Under the applicable state statute (as under most state statutes) property passing by will, intestacy, or by statutory election would vest as of the date of death. Thus, under the analysis in *First National*, "even property surrendered in a bona fide will contest would, absent the regulation, "pass" to the surviving spouse for purposes of the federal estate tax because it is presumed to vest in the beneficiary as of the date of the decedent's death." 924 F.2d at 1554 n. 7. The *Schroeder* court felt that such a construction of the word "passes" would be contrary to the reasoning and policy underlying *Lyeth v. Hoey*, 305 U.S. 188, 192–93, 59 S.Ct. 155, 158, 83 L.Ed. 119 (1938) (property received by a disinherited heir in a will contest settlement was exempt from income tax), "that federal law controls the incidence of federal taxation of property acquired under state law." *Id.* at 1554.

Finally, the *Schroeder* court expressed certain policy concerns and endorsed the view advanced by the Government in this case that the marital deduction should not be construed to allow a tax-free transfer to the next generation:

> To the extent a surviving spouse surrenders her share of the decedent's property to other beneficiaries not entitled to the marital deduction to avoid litigation concerning her rights, it defies common sense to conclude that this property "passed" to the surviving spouse. Not only is the ultimate recipient of the property a person other than the surviving spouse, but the transfer comprising the settlement could altogether escape taxation applying to gratuitous transfers of wealth.

*Id.* (footnote omitted).

The Government asserts that the $1 million each received by the Ransburg Children would be exempt from income taxation under 26 U.S.C. § 102 only if it was realized through a gift or inheritance. We agree with the Government that under the

---

**2.** *United States Trust Co. v. Commissioner* purported to rely on the will contest regulation and also held that the application of the regulation was not limited to contests under the terms of the will. The *Schroeder* court rejected that portion of *United States Trust Co.* stating that "the regulation speaks only in terms of a controversy involving a bequest or devise under the decedent's will." 924 F.2d at 1554.

reasoning of *Lyeth*, the property should be characterized as inheritance, and therefore subject to estate tax.

The plaintiff argues that *Schroeder* is not similar to the instant case because *Schroeder* was a dispute over testamentary intent, while this case involves a dispute over the manner in which Lenna Ransburg discharged her duties as executrix. This distinction is not effective since *Schroeder* involved not only a dispute over the rights to the joint stock account but also a settlement regarding her undisputed statutory share. Even if the case were distinguishable on the grounds that the spouse in *Schroeder* gave up an undisputed share, while the spouse in this case is not giving up a right to her residuary share but only arguably yielding on the computation thereof, the distinction does not help the plaintiff. The Court finds that under the reasoning in *Schroeder*, and particularly its rejection of the arguments in *First National Bank*, the property distributed to the Ransburg Children should not be considered to have "passed" to the spouse.

After reconsideration, this Court holds that although the will contest regulation does not apply to this case, the property received by the Ransburg Children did not "pass" to the spouse within the meaning of 26 U.S.C. § 2056(a). With the settlement distributions included in the taxable estate, the taxable estate will be more than that upon which the plaintiff paid estate taxes. As a result, the plaintiff is deemed to have underpaid the estate taxes. Accordingly, summary judgment must be entered in favor of the Government.

*The Apportionment Issue*

In its Entry of December 12, 1990, 765 F.Supp. 1388, the Court stated:

> The Apportionment Statute applies unless a) the decedent directs otherwise by will, Ind.Code § 29-2-12-2, or b) the will provides for the payment of federal estate tax either by the estate or by the residue of the estate, Ind.Code § 29-2-12-7.

■ The plaintiff seeks reconsideration on the basis that in ruling for the Government on the Apportionment Issue, the Court applied the Apportionment Statute as it currently reads rather than the version in effect at the time of the testator's death. The current statute provides:

> This chapter shall not be applicable to estates where the decedent has, by will, provided for the payment of federal estate tax either by the estate or by the residue of the estate.

Ind.Code § 29-2-12-7(a). The plaintiff correctly observes that this version of the "override" provision does not apply to wills executed before July 1, 1989. P.L. 266-1989, § 3. Since Mr. Ransburg died in 1984, the earlier version of the statute applies and the Court was mistaken in making reference to the current version. The earlier version provides:

> This chapter shall not be applicable to estates where the decedent has, by will, provided for the payment of federal estate tax either by the recipients or from a particular fund.

The plaintiff argues that the distinction is critical, and asks the Court to find that the Ransburg will did not provide for the payment of federal estate tax either by the recipients or from a particular fund.

The Court finds the distinction between the current and prior version of Ind.Code § 29-2-12-7(a) immaterial. Like the court in *Matter of Estate of Kirby*, 498 N.E.2d 64 (Ind.App.1986), we find that the Apportionment Statute does not apply because the will has "otherwise directed." *See* Ind. Code § 29-2-12-2. The difference is that in *Kirby*, the court found that the first line of the tax clause in the will provided the clear direction necessary to render the Apportionment Statute inapplicable, whereas in this case the tax clause is unclear. However, here, as in *Pleska v. Zakutansky*, 459 N.E.2d 745 (Ind.App.1984), the will as a whole provides the answer to the question of the testator's intent. Unlike the testator in *Pleska*, however, Mr. Ransburg can be said to have expressed in his will, when taken as a whole, his intent that the Apportionment Statute not apply.

■ The Court earlier found and still believes that the tax clause in the Rans-

burg will was ambiguous. Yet when that clause is read together with the will as a whole, and in particular with the residuary clause and fall-back residuary provision, the will itself is not ambiguous. The Ransburg will, read as a whole directs that taxes be subtracted out before the formulation of the residuary estate. Reference to parol evidence to discern the testator's intent is unnecessary since we have determined that intent from a reading of the will as a whole; therefore the Government's motion to strike the affidavit of Lenna Ransburg is granted.

The plaintiff's remaining arguments for reconsideration merely repeat assertions presented in the original motion and will not be considered.

### Conclusion

For the foregoing reasons, the Court has reconsidered certain findings and conclusions in its December 12, 1990 Entry. The Court's ruling in favor of the Government on the Apportionment Statute is unchanged. The Court's ruling on the Settlement Issue is modified in that we now hold that the property which was distributed to the Ransburg Children is deemed not to have "passed" to the spouse within the meaning of the marital deduction statute. The Government asserts, and there is no argument to the contrary, that a ruling in its favor on the settlement issue makes total summary judgment appropriate since the size of the taxable estate would far exceed the taxable estate on which taxes were paid. Accordingly, summary judgment must be entered in favor of the Government.